IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ALVIN GILL                                                                                    PLAINTIFF

VS.                                           CASE NO. 05-CV-1104

METLIFE DISABILITY                                                                DEFENDANT

## ORDER

Before the Court is a Motion for Default Judgment filed on behalf of the Plaintiff Alvin Gill. ( Doc. No. 1; Exhibit B). Metropolitan Life Insurance Company ("MetLife") has filed a response. (Doc. No. 2). The matter is ripe for consideration.

## BACKGROUND

On May 18, 2005, Plaintiff filed a Complaint in the Circuit Court of Columbia County, Arkansas against Metlife Disability for violations of the Arkansas Civil Rights Act, the tort of "outrageous conduct," intentional infliction of emotional distress, breach of contract and violations of his constitutional rights. In the Complaint, Plaintiff states that Metlife can be served through its agent at CT Corporation Systems, 423 W. Capital Avenue, Suite 1700, Little Rock, AR 72201. On August 5, 2005, Plaintiff filed a Motion for Default Judgment against Metlife Disability. In the motion, the Plaintiff contends that he is entitled to a default judgment because Metlife Disability was served with a summons and complaint and no answer had been filed in response. In the motion's accompanying affidavit , Plaintiff states that on or about June 18, 2005 the agent of service for Metlife Disability was served by certified mail at the following address: Alcoa, Inc., Alcoa Corp. Center, 201 Isabella St., Pittsburgh, PA 15212-5858.

MetLife was not aware of the pending lawsuit until Alcoa forwarded a copy of the Plaintiff's Motion for Default Judgment on October 7, 2005. On October 28, 2005, MetLife removed the action to this Court, filed its Answer to the original Complaint and filed its response to Plaintiff's Motion for Default Judgment. The Court is ready to rule on the Plaintiff's Motion for Default Judgment.

## DISCUSSION

Before a default judgment may be rendered against a defendant, a Court must have personal jurisdiction over that defendant. *Raymond v. Raymond,* 343 Ark. 480, 36 S.W.3d 733 (2001). To obtain this jurisdiction, there must be service of valid process on the defendant. *Id.* In Arkansas, valid service may be made:

> Upon a domestic or foreign corporation or upon a partnership, limited liability company, or any unincorporated association subject to suit under a common name, by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive service of summons.

Ark.R.Civ.P. 4(d)(5). CT Corporation is MetLife's registered agent for service of process in the State of Arkansas. Plaintiff stated as such in his Complaint. However, Plaintiff did not serve CT Corporation on behalf of MetLife. Rather, he served the summons and complaint on Alcoa, Inc. Alcoa is not MetLife's authorized agent for service of process, therefore, MetLife, the proper defendant in this action, was not properly served. Plaintiff's service on MetLife is invalid. Judgments by default rendered without valid service are judgments rendered without jurisdiction and are void. *Lawson v. Edmondson,* 302 Ark. 46, 786 S.W.2d 823 (1990). A default judgment in this action against MetLife would be improper and void *ab initio. Raymond,* 343 Ark. at 485. Therefore, Plaintiff's Motion for Default Judgment should be denied.

## CONCLUSION

For the reasons discussed herein above, the Court finds that the Motion for Default Judgment filed in this action by the Plaintiff Alvin Gill should be and hereby is **denied.**

IT IS SO ORDERED, this 7th day of November, 2005.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge